# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TOLAVIUS TIMMONS,

      Plaintiff(s),

v.

LAS VEGAS PUBLIC DEFENDERS OFFICE, et al.,

      Defendant(s).

Case No. 2:17-cv-02020-RFB-NJK

**ORDER REGARDING APPLICATION TO PROCEED *IN FORMA PAUPERIS***

(Docket No. 1)

  This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis*. Docket No. 1. Plaintiff is a prisoner proceeding in this action *pro se*. Plaintiff has submitted the financial affidavit and inmate trust account statement required by 28 U.S.C. § 1915(a)(2). His request to proceed *in forma pauperis* would ordinarily be granted pursuant to 28 U.S.C. § 1915(a).

  Plaintiff's claims arise out of his dissatisfaction with his counsel in his on-going criminal trial in state court, and judicial rulings related thereto. *See* Docket No. 1-1 at 3-8. The relief Plaintiff seeks is both monetary damages and an injunction. *Id.* at 11. It is well settled that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Moreover, the United States Supreme Court has long made clear that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions even when they raise issues of federal rights or interests. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Moreover, a threshold requirement for proceeding with any § 1983 claim is that the defendants acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that attorneys, whether retained or appointed, do not act "under color of state law" in representing a plaintiff in a criminal proceeding. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 318-19 & n.7 (1981).

If the court grants Plaintiff's Application to Proceed *In Forma Pauperis*, Plaintiff will be required, under 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995, to pay the full $350 filing fee, <u>even if his complaint is dismissed</u>. As set forth above, the Court believes Plaintiff's claims will not survive the pleading stage. Given these circumstances, the Court will allow Plaintiff thirty days to withdraw his Application to Proceed *In Forma Pauperis*. If Plaintiff does not, the Court will grant his Application to Proceed *In Forma Pauperis*, screen Plaintiff's complaint, and order that he pay the $350 filing fee in accordance with 28 U.S.C. § 1915.

Based upon the foregoing, **IT IS ORDERED** that:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 1) is **HELD IN ABEYANCE**.
2. Plaintiff shall have until **August 31, 2017** to withdraw his Application to Proceed *In Forma Pauperis*. If he does not, the court will order Plaintiff to pay the $350 filing fee and screen the complaint pursuant to 28 U.S.C. § 1915.

Dated: August 1, 2017

_____
Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE